IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHABONDY LAMAR SIMPSON,

    Petitioner,                   No. CIV 08-2764 FCD KJM P

    vs.

M.C. KRAMER, Warden,          FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Sacramento County conviction for assault and kidnaping. Relying on <u>Cunningham v. California</u>, 549 U.S. 270 (2007), he alleges that the court erred in imposing the upper term for kidnaping and in imposing consecutive terms based on facts not proven beyond a reasonable doubt.

        Respondent has filed a motion to consolidate this petition with <u>Simpson v. Evans</u>, Civ. No. S-05-640 JAM DAD P (the "2005 Petition"). Petitioner has not opposed the motion.

I. <u>Background</u>

        Petitioner filed the 2005 Petition on April 1, 2005, raising the following grounds for relief: the conviction was secured by the use of perjured testimony; the trial court erred in denying petitioner's motion for a new trial; petitioner was denied the effective assistance of trial

1

and appellate counsel; the prosecutor presented perjured testimony; and the prosecutor failed to disclose exculpatory evidence. See Simpson v. Evans, Case No. Civ. S-05-0640 JAM DAD P, Docket No. 1 at 13-14.[1]  Respondent answered this petition on July 29, 2005. Docket No. 17.

On July 28, 2008, petitioner filed an amended petition in which he sought to raise ten additional grounds; he did not seek to raise the Cunningham error presented in the instant petition. Docket No. 27 at 3-6. On August 14, 2008, respondent opposed the proposed amendment. Docket No. 28.

On November 18, 2008, petitioner filed the petition in this case, raising the Cunningham issue. The habeas form used by this court asks whether there is "any petition or appeal now pending in any court, either state or federal, as to the judgment under attack." Petitioner checked the box by the word "no." See Case No. Civ. S-08-2764 (Petition at 5).

On February 13, 2009, the court considering the 2005 Petition recommended that the motion to amend be denied; the district court adopted this recommendation on March 18, 2009. Docket Nos. 29 & 31; Case No. Civ. S-08-2764, Lodged Documents (Lodg. Docs.) B & C. On May 1, 2009, the magistrate judge recommended that the 2005 Petition be denied and the district court adopted that recommendation on July 22, 2009. Docket Nos. 32 & 36; Case No. Civ. S-08-2764, Lodged Docs. D & E. Petitioner filed a notice of appeal on August 5, 2009. Docket No. 39.

II. Analysis

In Woods v. Carey, 525 F.3d 886, 887 (9th Cir. 2008), the Ninth Circuit considered whether a habeas petition filed when an earlier petition was still pending should be deemed to be a successive petition within the meaning of 28 U.S.C. § 2244. The court concluded that when a pro se petitioner files multiple petitions, a subsequent petition should be treated as a

/////

---

[1] The court refers to the page numbers assigned by its CM/ECF system. Further docket citations refer to the docket in the 2005 case, unless otherwise noted.

motion to amend a petition pending at the time the subsequent petition is filed. <u>Id</u>. at 890. This court's local rules support such a ruling. Local Rule 81-190(d).

Without downplaying the practical problems posed by this action, the court finds its recommendation below compelled by Ninth Circuit precedent.

IT IS THEREFORE RECOMMENDED that:

1. The Clerk of the Court be directed to remove the petition filed in this case on November 18, 2008 and refile it in Case No. Civ. S-05-640 JAM DAD P, making an adjustment in the assignment of cases to compensate for the resulting change in assigned judges; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2009.

_____
U.S. MAGISTRATE JUDGE

2  simp2764.con.

3